UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANDRA SMITH,

    Plaintiff,

v.                                          CASE NO. 3:19-cv-24-J-MCR

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER[1]**

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision regarding her applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Following an administrative hearing held on April 25, 2018, the assigned Administrative Law Judge ("ALJ"), ALJ Hart, issued a decision,[2] finding Plaintiff not disabled from November 8, 2013, the alleged disability onset date, through June 6, 2018, the date of the ALJ's decision.[3] (Tr. 12-56, 241, 289.)

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 14.)

[2] Previously, ALJ Fitzgerald issued a decision finding Plaintiff not disabled from December 19, 2011, the alleged disability onset date, through November 7, 2013, the date of that decision. (Tr. 72-81.) ALJ Fitzgerald's decision was affirmed on appeal. (*See* Tr. 86-89, 121-33.)

[3] Plaintiff had to establish disability on or before December 31, 2016, her date last insured, in order to be entitled to a period of disability and DIB. (Tr. 15.)

In reaching the decision, the ALJ found that Plaintiff had the following severe impairments: epilepsy, status post cerebrovascular accident in 2011; diabetes mellitus; chronic kidney disease, stage three; hypertension; nephrolithiasis; and osteoarthritis. (Tr. 17.) The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work. (Tr. 18.) Then, at step four of the sequential evaluation process,[4] the ALJ determined that Plaintiff was capable of performing her past relevant work of a tax preparer (DOT number 219.362-070, sedentary, semi-skilled work with an SVP of 4), as actually and generally performed.[5] (Tr. 22, 51.) The ALJ explained that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 22.) In the alternative, the ALJ found at step five, based on the testimony of the vocational expert ("VE") and considering Plaintiff's age, education, work experience, and RFC, that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, such as the job of a tax clerk (DOT number 219.487-010, sedentary, semi-skilled work with an SVP of 3). (Tr. 22, 52.)

Plaintiff is appealing the Commissioner's decision that she was not disabled from November 8, 2013 through June 6, 2018. Plaintiff has exhausted her available administrative remedies and the case is properly before the Court.

---

[4] The Commissioner employs a five-step process in determining disability. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[5] Plaintiff performed this work until 2009. (Tr. 33-35, 311-18.)

2

Based on a review of the record, the briefs, and the applicable law, the Commissioner's decision is **AFFIRMED.**

I. **Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

II. **Discussion**

Plaintiff argues that the ALJ's decision is not supported by substantial

evidence because Plaintiff no longer has a valid license to perform her past relevant work of a tax preparer. According to Plaintiff, neither the tax preparer job nor the tax clerk job is available to her because of her failure to maintain the license required for these jobs. Defendant responds that Plaintiff's failure to maintain an active license is not enough to meet her burden to prove that she is unable to work "by reason" of a physical or mental impairment. The Court agrees with Defendant.

At the administrative hearing, the VE testified that the job of a tax preparer, as well as the alternative job of a tax clerk, require a license. (Tr. 54-55.) Plaintiff testified that in order to go back to her work as a tax preparer, she would need to renew her license, obtain an employer identification number ("EIN"), and purchase tax software. (Tr. 45-48.) Plaintiff added that she did not know what would be required for recertification because her former business partner had always handled that for her. (Tr. 48.)

Although Plaintiff argues on appeal that the jobs of a tax preparer and a tax clerk are not available to her because she does not have an active license, Plaintiff does not allege that her failure to maintain an active license was due to any physical or mental impairment. As Plaintiff does not argue that "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months," 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A), has impacted her ability to reinstate her license, she has not met

her burden to prove disability under the Social Security Act. *See Blankenship v. Berryhill*, No. 1:17-cv-1359-LO-MSN, 2018 WL 4610651, *11 (E.D. Va. Aug. 31, 2018) (report and recommendation adopted by 2018 WL 4609941 (E.D. Va. Sept. 24, 2018)) ("Plaintiff argues that merely because he let a [real estate] license expire that he is disabled. But that is not true. . . . [T]here is no dispute that Plaintiff's medically determinable physical or mental impairments did not impact his ability to be a real estate agent."); *Whitney v. Berryhill*, No. 1:16-cv-30-EPG, 2017 WL 1356034, *5 (E.D. Cal. Feb. 24, 2017) (finding that substantial evidence supported the ALJ's conclusion that plaintiff was able to return to her past relevant work as a bus driver because, even with her alleged impairments, plaintiff could take affirmative steps to reactivate her commercial driver's license, which plaintiff had failed to maintain due to "a simple failure to maintain her skills and credentials," rather than due to "an inability to meet the physical and mental requirements of the bus driver position"); *see also Ray v. Bowen*, 813 F.2d 914, 917 (9th Cir. 1986) (finding that substantial evidence supported the ALJ's finding that through a course of study, plaintiff could regain the skills necessary to be reinstated as a licensed practicing accountant, as "atrophy of skills does not prevent one from performing past work for disability purposes"). Based on the foregoing, the Court finds that substantial evidence supports the ALJ's decision that Plaintiff was capable of performing her past relevant work and was, therefore, not disabled.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on February 25, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record